SAMUEL CLARK *vs.* THOMAS A. OMAN & another.

A mortgage to secure the mortgagee from all liability that he may incur by reason of his becoming surety or indorser on the notes of the mortgagor does not secure notes given to the mortgagee for money lent by him to the mortgagor, and as evidence of such loan.

WRIT OF ENTRY to foreclose a mortgage. The defendants' plea admitted the execution of the mortgage, and breach of the condition, and the defendants' liability for all that was claimed, except for one note of six hundred dollars; the facts as to which, as they appeared at the trial in the superior court, and upon which *Putnam,* J. ruled in favor of the defendants, are stated in the opinion. The plaintiff alleged exceptions.

*J. D. Colt,* ( *G. J. Tucker* with him,) for the plaintiff.

*M. Wilcox,* for the defendants.

DEWEY, J. The note of six hundred dollars given by Couch & Clark, payable to the order of the plaintiff, is not embraced in this mortgage. The only ground for sustaining such a claim is found in these words in the condition of the mortgage: " And shall indemnify and save harmless the said Samuel Clark for his signing or indorsing any notes that he may hereafter sign or indorse, for the said Bradford & Benjamin as partners, by the name of Couch & Clark, and for all loss, cost, trouble or expense from any liability he may incur or be under as surety, as acceptor or indorser for said Couch & Clark." The facts do not

show any liability of the kind above described.   This note was originally made for the purpose of being discounted by the Lee Bank; and if it had thus been discounted, and the plaintiff made chargeable therefor by reason of his indorsement, such liability would have been secured by the mortgage.   But this purpose of a discount at the Lee Bank was not effected.   The plaintiff never assumed any liability as an indorser of his note to any holder thereof.   In fact it never was passed to any third person.   The note was received by him as his own for money lent by himself.   It can have no higher claim than a note given by Couch & Clark to the plaintiff.   The effect of the transaction was to place the plaintiff in the situation of a payee or holder of the note, and not to render him liable as surety or indorser on the note.   It was competent to take a mortgage securing the mortgagee against future liabilities that might be assumed by him.   But such mortgage cannot avail beyond its stipulation and terms.   A mortgage made to secure one from all liability which he may incur by reason of his becoming surety or indorser on the notes of the mortgagor does not secure notes given to the mortgagee for money lent by him and received as evidence of such loan.                        *Exceptions overruled.*